IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTECH SOLUTIONS, INC.,<br><br>       Plaintiff;<br><br>  v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER ESG02319546,<br>       Defendants. | Civil Action No. 20-cv-912-RGA |

MEMORANDUM OPINION

Jennifer C. Wasson, Carla M. Jones, POTTER ANDERSON & CORROON, LLP, Wilmington, DE; Catherine J. Del Prete, Michael T. Sharkey, Nathan R. Morales, PERKINS COIE, LLP, Washington, DC,
Attorneys for Plaintiff.

Robert J. Katzenstein, SMITH, KATZENSTEIN, & JENKINS, LLP, Wilmington, DE,

Attorney for Defendants.

October 30, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff's motion to remand to the Superior Court of the State of Delaware. (D.I. 29). Defendants have opposed this motion (D.I. 33), and Plaintiff has replied. (D.I. 35). Defendants then filed a motion to strike a new argument in Plaintiff's reply brief. (D.I. 40). Plaintiff has opposed this motion (D.I. 43), to which Defendants have replied. (D.I. 44). I have reviewed the parties' briefing.

**I.    BACKGROUND**

Plaintiff, Ventech Solutions, filed suit against Defendants in the Superior Court of the State of Delaware for breach of contract, declaratory judgment, and bad faith. (D.I. 1, Exh. 1 at 2 of 49). The action centers on Defendants' alleged failure and refusal to pay a judgment and defense costs in litigation between Plaintiff and the Attorney General of Ohio. (*Id.*). Defendants, Certain Underwriters at Lloyd's of London Subscribing to Policy Number ESG02319546, removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*Id.* at 1).

Plaintiff moves to remand this action to the Superior Court, arguing that there is a lack of federal subject matter jurisdiction as the amount in controversy requirement has not been met. (*Id.* at 1). Plaintiff also moves for attorneys' fees and costs for Defendants' improper removal to federal court. (*Id.* at 6).

Defendants also have a pending motion to strike, arguing that Plaintiff raised a new argument in its reply brief in violation of Local Rule 7.1.3(c)(2). (D.I. 40 at 1-2). Plaintiff contends that this argument, regarding the necessity to identify each of the Underwriters, was raised in its motion to remand. (D.I. 43 at 1).

For context, Lloyd's of London is a marketplace where interested parties can purchase and sell insurance risks; Lloyd's is not an insurance company. *Chem. Leaman Tank Lines, Inc. v.*

*Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999); *Transamerica Corp. v. Reliance Ins. Co. of Illinois*, 884 F. Supp. 133, 137 (D. Del. 1995). The individual parties are called "underwriters," "members," or "Names." *Chem. Leaman Tank Lines, Inc.,* 177 F.3d at 221. The Names join together, as members, in groups called syndicates. *Id.* The Names in each syndicate underwrite insurance coverage for the insured party, but the syndicates are not legal entities and do not assume liability. *Id.* The Names in a syndicate delegate most authority to an active underwriter who performs the management and day-to-day operations of the syndicate. *Id.* Each Name receives a share of the profit from the syndicate's business and is personally liable for their share of the syndicate's losses. *Id.* The structure of Lloyd's is particularly relevant in analyzing whether the requirements of diversity jurisdiction have been met. *See Transamerica Corp.*, 884 F. Supp. at 136-39.

## II.     LEGAL STANDARD

Unless otherwise provided by Congress, a civil action brought in a state court may be removed by the defendant(s) to the United States District Court in the place where the state action is pending, if the United States District Court has original jurisdiction. 28 U.S.C. § 1441(a). One source of original jurisdiction (and the only one relevant to this case) is diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists where there is a dispute between "(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state," and where the amount in controversy exceeds $75,000, not including interest and costs. *Id.* These requirements must be met for a case to be properly removed to federal court on the basis of diversity jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The party asserting removal bears the burden of showing that removal is proper. *Carlyle*

*Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *Samuel-Bassett*, 357 F.3d at 396.

Section 1441 "is to be strictly construed against removal" in order to restrict the use of diversity jurisdiction, as Congress intended. *Samuel-Bassett*, 357 F.3d at 396. Where "there is any doubt as to the propriety of removal, that case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). In removed cases, if the district court lacks subject matter jurisdiction at any time prior to a final judgment, "the case shall be remanded." 28 U.S.C. § 1447(c).

### III. ANALYSIS

#### A. Plaintiff's Motion to Remand

To properly remove this case, Defendants must establish that there is diversity of citizenship and that the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332; *Samuel-Bassett*, 357 F.3d at 396.

In their Notice of Removal, Defendants make these assertions. (D.I. 1 at 2). Specifically, Defendants state that Plaintiff is a citizen of Delaware and Ohio, while the Names in each syndicate are limited liability companies with citizenships in England, Wales or Bermuda, or are human citizens of the United Kingdom who reside outside of the United States. (*Id.* at 3). Defendants list the Names of most syndicates and their respective citizenships. (*Id.* at 3-5). For the human citizen Names, Defendants identify which syndicate they are a part of, but do not specify their citizenships beyond stating that they are citizens of the United Kingdom. (*Id.* at 4). Defendants assert that the amount in controversy exceeds $4.9 million, thus surpassing the statutorily required amount. (*Id.* at 5).

Plaintiff, in its motion to remand, argues that Defendants do not demonstrate that the amount in controversy requirement has been met. (D.I. 29 at 1). Plaintiff contends that, since Defendants are severally liable, there can be no aggregation of the amount in controversy. (*Id.* at 4). Since there can be no aggregation among Defendants, Plaintiff argues that the amount in controversy must be satisfied as to each Name in each syndicate. (*Id.*). Plaintiff contends that Defendants do "not even attempt to demonstrate that there is at least $75,000 in controversy as to each of the Names," and instead allege "only that the amount in controversy exceeds $4.9 million." (*Id.* at 4). Plaintiff asserts that there are at least three syndicates with participation percentages that yield an amount in controversy for the entire syndicate below the $75,000 threshold. (*Id.* at 5). Plaintiff also states that Defendants do not identify the exact numbers of Names in all of the syndicates. (*Id.*).

Defendants, in opposition, assert that the amount in controversy requirement has been met. (D.I. 33 at 1). Defendants contend that Count III is a tort claim governed by Ohio law, for which Defendants are jointly and severally liable. (*Id.* at 7). Defendants assert that under the applicable Ohio statute, any joint tortfeasor whose conduct causes fifty percent or more of the harm is jointly and severally liable for the entire harm. (*Id.*). Defendants argue that since they are jointly and severally liable for Count III, the amount in controversy can be aggregated against them and that it exceeds the jurisdictional minimum. (*Id.* at 3-4). Defendants then assert that since the amount in controversy requirement is satisfied as to Count III, it is satisfied as to the entire suit. (*Id.* at 6). In support of their argument, Defendants state that respondeat superior is joint and several in all cases, intentional tortfeasors are jointly and severally liable in all cases, and defenses under the statute are affirmative defenses so they are irrelevant to the amount in controversy issue. (*Id.* at 8).

Plaintiff, in its reply brief, argues that remand is required because Defendants have not identified all of the Names in the syndicates and their respective citizenships. (D.I. 35 at 1-2). Plaintiff asserts that due to the absence of the Names' identifications and citizenships, Defendants' Notice of Removal is not specific and should fail. (*Id*.). Plaintiff further contends that Defendants' arguments under the Ohio statute do not successfully establish that the amount in controversy has been met. (*Id.* at 3-7). Plaintiff argues that for there to be joint liability among the Names and to aggregate the damages, Defendants needed to establish that each Name caused more than fifty percent of Plaintiff's harm, and Defendants did not do so. (*Id.* at 4). Plaintiff states, "Dozens of defendants cannot each simultaneously be apportioned more than 50% of the 100% total causation." (*Id.* at 5). Plaintiff argues that respondeat superior liability and intentional tort liability do not apply to this case, as there are no allegations of an agency relationship and bad faith is not an intentional tort. (*Id.* at 6-7). In sum, Plaintiff maintains that Defendants have not established that the amount in controversy requirement has been met, and thus remand is required. (*Id.* at 7).

The amount in controversy must exceed $75,000 to meet the requirements of diversity jurisdiction. 28 U.S.C. § 1332. It is well established, in diversity suits, that where the defendants are severally liable, the threshold amount in controversy must be met for each one of them. *Walter v. Northeastern R.R. Co.*, 147 U.S. 370, 374 (1893) ("[T]he rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff."). Aggregation of claim amounts is not permitted where the defendants are severally liable, so "each and every severally liable defendant must, in the normal course of things, meet

the amount in controversy." *E.R. Squibb & Sons, Inc. v Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2d Cir. 1998) (citing *Walter*, 147 U.S. at 374).

This principle holds true in insurance cases, as "if the insurer's potential liability is several, jurisdiction under section 1332(a) can be sustained only against those defendants whose respective controversies individually involve matters exceeding the jurisdictional amount." *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir. 1968); *see also Jewell v. Grain Dealers Mut. Ins. Co.,* 290 F.2d 11, 13 (5th Cir. 1961).

In this case, it is indisputable that Defendants are severally liable under the Insurance Agreement. (*See* D.I. 29, Exh. B at 17 of 49). The agreement states that the "subscribing Insurers' obligations under Contracts of Insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions." (*Id.*). As Defendants are severally liable under the contract of insurance, aggregation of claims is not permitted, and Defendants must show that the amount in controversy requirement is met for each member of each syndicate. *See Walter*, 147 U.S. at 374; *E.R. Squibb & Sons, Inc.*, 160 F.3d at 933. Defendants' Notice of Removal does not do that; instead, it simply states that the overall amount in controversy is over $4.9 million. (D.I. 1 at 5). Further, Plaintiff points to at least three syndicates, that, based on their participation percentages, do not meet the amount in controversy requirement for the entire syndicate, let alone for each individual Name. (D.I. 29 at 5). Defendants have not met their burden of showing that the amount in controversy is over $75,000 for each Name, as they are required to do.

Defendants argue that Count III, an insurance bad faith claim under Ohio law, saves them from the amount in controversy challenge. (*See* D.I. 33 at 7-10). Defendants contend that they are jointly and severally liable under this Count, so the amounts in controversy can be aggregated

7

to satisfy the $75,000 requirement. (*Id.* at 9). In a tort action under Ohio law, where "the trier of fact determines that two or more persons proximately caused the same injury or loss to person or property…and in which the trier of fact determines that more than fifty per cent of the tortious conduct is attributable to one defendant, that defendant shall be jointly and severally liable in tort for all compensatory damages that represent economic loss." OHIO REV. CODE ANN. § 2307.22(A)(1) (West 2020). In other words, the Ohio statute "only imposes joint and several liability on a tortfeasor if they are more than 50% responsible for the economic damages in question." *Boggs v. Landmark 4 LLC*, 2012 WL 3485288, at *3 n.3 (N.D. Ohio Aug. 13, 2012). Therefore, under Ohio law, for a Name to be jointly and severally liable, that Name must be more than fifty percent responsible for Plaintiff's damages.

Defendants, relying upon Ohio Revised Code Section 2307.23(c), state that defenses under Section 2307.22 (such as apportionment among defendants) are affirmative defenses, and thus that such defenses are irrelevant to calculating the amount in controversy. (D.I. 33 at 7-8).

Defendants' argument does not relieve Defendants of the burden of showing that there is a Name that is more than fifty percent responsible for Plaintiff's harm in order to establish joint and several liability for that Name on Count III.  Section 2307.22 states that where a defendant is determined to be more than fifty percent responsible for the tortious conduct, that defendant shall be jointly and severally liable for all compensatory damages. OHIO REV. CODE ANN. § 2307.22(A)(1). Section 2307.23 provides that it is an affirmative defense for a party in a tort action from whom the plaintiff seeks recovery to show that a certain percentage of the tortious conduct is attributable to persons from whom plaintiff does not seek recovery. *Id.* § 2307.23(C). Therefore, Section 2307.22 provides for joint and several party apportionment where a defendant is more than fifty percent responsible for the tortious harm, while Section 2307.23 provides an

affirmative defense for non-party apportionment of liability. *See id.* §§ 2307.22(A)(1), 2307.23(C); *Smith for Schwartz v. Woolace Elec. Corp.*, 2019 WL 5420649, at *1-2 (N.D. Ohio Apr. 19, 2019) ("Ohio courts recognize that non-party apportionment is an affirmative defense while party apportionment is not.").

As Defendants' cited statute refers to non-party apportionment, it is not applicable to the case at hand, where the apportionment is among Defendants who are parties to the action. Therefore, for a Name to be jointly and severally liable, Defendants would have to show that that specific Name is responsible for more than fifty percent of Plaintiff's harm. *See* § 2307.22(A)(1).

Defendants have not identified such a Name. (*See* D.I. 33 at 8-9). Defendants' Notice of Removal simply states that there is over $4.9 million in controversy. (D.I. 1 at 5). Defendants argue that because Plaintiff's complaint did not refer to a specific Name who is more than fifty percent liable for its alleged losses, Plaintiff alleges that Defendants are joint tortfeasors liable for an indivisible injury. (D.I. 33 at 8). However, it is the burden of the party asserting removal to show that removal is proper, including that the federal court has subject matter jurisdiction. *See Carlyle Inv. Mgmt.*, 779 F.3d at 218; *Samuel-Bassett*, 357 F.3d at 396. Defendants have not borne that burden in this case. Defendants have not shown that there is an underwriter who is more than fifty percent responsible for Plaintiff's harm under Count III. Therefore, there is no Name that is jointly and severally liable, and several liability applies.

Defendants also note that there is joint and several liability under respondeat superior and for intentional tortfeasors. (D.I. 33 at 8). However, that is of no consequence in this action. Apart from mentioning that there is joint and several liability under a respondeat superior theory, Defendants do not state any facts that indicate there was an agency relationship in existence. Further, insurance bad faith under Ohio law is not an intentional tort, so the fact that intentional

9

tortfeasors are held jointly and severally liable is not relevant. *See Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 399 (Ohio 1994) ("[T]he element of intent ha[s] been notably absent from this court's definition of when an insurer acts in bad faith.").

Defendants have not met their burden of showing that the amount in controversy has been met. Under the contract, the Names are severally liable (D.I. 29, Exh. B at 17 of 49), and Defendants have not shown that there is more than $75,000 in controversy for any Name, let alone each Name. Further, Defendants have not established that there is a Name that is jointly and severally liable under Count III, as Defendants have not shown that any particular Name is more than fifty percent responsible for Plaintiff's harm. Even if Defendants had identified such a Name by a preponderance of the evidence, that would not establish diversity jurisdiction for the other Names, as the other Names remain severally liable and the amount in controversy cannot be aggregated against them. *See E.R. Squibb & Sons, Inc.*, 160 F.3d at 933. Therefore, there is no federal subject matter jurisdiction and the case must be remanded to the Superior Court of the State of Delaware.

### B.  Defendants' Motion to Strike

Defendants move to strike an argument that Plaintiff proffers in its reply brief, arguing that it was a new contention in violation of Local Rule 7.1.3(c)(2). (D.I. 40 at 1). In its reply brief, Plaintiff argues that Defendants have not met their burden of pleading diversity jurisdiction, as Defendants did not identify all of the Names of each syndicate. (D.I. 35 at 2). Plaintiff points to syndicate AMA 1200, for which Defendants alleged only that the Names included human citizens of the United Kingdom but did not further specify the number of Names or their citizenships. (*Id.*). Defendants contend that this argument is new and that it was not raised in Plaintiff's motion to remand. (D.I. 40 at 1-2). Defendants argue that Plaintiff's sole

argument in its motion to remand was that the amount in controversy requirement had not been met and established for each Name. (*Id.*).

Plaintiff opposes the motion to strike, contending that these arguments were present in its motion to remand. (D.I. 43 at 1). Plaintiff argues that its motion to remand stated the rule requiring that Defendants disclose the identity of each Name and highlighted the fact that Defendants had not done so. (*Id.* at 2-3). In addition, Plaintiff contends that Defendants should not be granted this relief, as subject matter jurisdiction objections cannot be waived, and Defendants have repeatedly failed to cure the jurisdictional defects. (*Id.* at 4-6).

In reply, Defendants reiterate their argument that the sole basis supporting Plaintiff's motion to remand was that the amount in controversy was not satisfied for each Name. (D.I. 44 at 1).

Plaintiff's motion to remand does state the rule that Defendants, in order to establish diversity jurisdiction, are required to establish the citizenships of all of the Names. (D.I. 29 at 3-4). However, its motion does not make the argument that because Defendants failed to disclose the identities of the Names, diversity jurisdiction cannot be established. Plaintiff's motion mentions the rule, but only argues that Defendants have not disclosed the precise number of Names in each syndicate and their relative participation percentages. (*Id.* at 5-7). Plaintiff states that Defendants presumably knew the "precise identities" of the Names, but that they did not list the "number of individual members and omitted the members' participation percentages." (*Id.* at 7). Nowhere in their motion does Plaintiff argue that remand is warranted because Defendants have not established the citizenships of the human citizen Names in AMA 1200.

Plaintiff's motion to remand states that Defendants "cannot demonstrate that this action meets the amount in controversy requirement as to each of the respective participants in the

11

syndicates," but does not contend that there has been a failure of Defendants to establish the citizenships of each individual Name. (*Id.* at 1). Plaintiff makes that argument for the first time in its reply brief (*see* D.I. 35 at 1-2), which is not permitted by the local rules. D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). As such, Defendants' motion to strike would be granted had not my ruling on the amount in controversy made the motion moot. Thus, the motion to strike is dismissed as moot.

### C. Plaintiff's Request for Attorneys' Fees and Costs

Plaintiff argues that attorneys' fees are warranted due to Defendants' improper removal. (D.I. 29 at 6). The Court may award attorneys' fees and costs upon remand of an improperly removed case. 28 U.S.C. § 1447(c). The awarding of fees and costs should "turn on the reasonableness of removal," in order to deter removals for the sake of delaying litigation and driving up costs, while also recognizing that defendants generally have a right to remove. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court may award these fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The Court has "broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

In this case, Defendants did not have an "objectively unreasonable basis" for removing this action. Defendants argued that the amount in controversy requirement was met under a theory of joint and several liability for Count III's insurance bad faith tort claim. Although ultimately unsuccessful, this argument was not objectively unreasonable, as it was a complicated issue for which neither party presented a case directly on point. *See Inselberg v. New York Football Giants, Inc.*, 661 F. App'x 776, 779 (3d Cir. 2016) ("difficult nature of the

jurisdictional issues involved" was an objectively reasonable basis for removal). As Defendants' basis for removal was not objectively unreasonable, the Court will deny Plaintiff's motion for attorneys' fees and costs.

## IV. CONCLUSION

As Defendants have not shown that there is subject matter jurisdiction, Plaintiff's motion to remand is granted. Defendants' motion to strike is dismissed as moot. Defendants' Notice of Removal was based on an objectively reasonable ground, and, therefore, Plaintiff's request for attorneys' fees and costs, as part of its motion to remand, is denied.